# CASES

DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1918.

Jed Giroux, Appellee, v. W. B. Fuller and Carl H. Yoder, Appellants.

Gen. No. 6,481. (Not to be reported in full.)

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

## Statement of the Case.

Action by Jed Giroux, plaintiff, against W. B. Fuller and Carl H. Yoder, defendants, to recover a balance due on certain promissory notes executed by the defendant Fuller as maker and the defendant Yoder as surety. From a judgment for plaintiff for $200.87, defendants appeal.

The defendant Fuller, being heavily in debt, made a composition agreement with his creditors, at which time the plaintiff held an unsatisfied judgment against him and his wife and refused to join in the agreement unless Fuller would secure the part of the judgment debt that would not in that way be paid. Accordingly at the same time and practically as part of the

same transaction, Fuller procured defendant Yoder to sign as surety the notes in question for the estimated amount of the part not in that way to be paid. The notes were delivered, the agreement was signed, and satisfaction in full of the judgment entered. Plaintiff received his percentage under the agreement and also payments from time to time on the notes and renewal signed by both defendants.

ROSCOE C. SOUTH, for appellants.

PALLISSARD & BENJAMIN and ELMER A. TAYLOR, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 39*—*when amount of judgment is within jurisdiction of justice.* Where judgment was entered by a justice of the peace for an amount exceeding $200, the excess being interest accrued while the action was pending, *held* that the judgment as entered was within the jurisdiction of the magistrate.

2. PRINCIPAL AND SURETY, § 2*—*when no consideration moving to surety is required.* Where a surety signed a promissory note given by the maker, who was a bankrupt, to a judgment creditor for an amount which it was estimated a composition agreement signed by the judgment creditor as part of the same transaction would leave unpaid on the judgment, for which the creditor thereupon entered satisfaction, *held* that the consideration of the note was a part of the debtor's indebtedness to such creditor and that he would sign the composition agreement, and no consideration moving to the surety was required.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.